IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

          Plaintiff,

v.

          Case No. 3:14-CR-30197-2-NJR

TRAVIS COLE MAXFIELD,

          Defendant.

## ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is Defendant Travis Maxfield's *pro se* Motion to Reduce Sentence pursuant to the First Step Act (Doc. 299). The Court construes this motion as a motion for compassionate release. For the reasons set forth below, the motion is denied.

Under the First Step Act, incarcerated defendants are authorized to bring their own motions for compassionate release after first exhausting their administrative remedies with the Bureau of Prisons ("BOP"). 18 U.S.C. § 3582(c)(1)(A). After such a motion is filed, the Court may reduce the term of imprisonment if it finds that "extraordinary and compelling reasons" support release, and it has considered the appropriate sentencing factors under 18 U.S.C. § 3553(a). *United States v. Kurzynowski*, 17 F.4th 756, 759 (7th Cir. 2021). The First Step Act does not say what "extraordinary and compelling reasons" warrant a sentence reduction. *Id.* District courts may turn to the policy statement in U.S.S.G. § 1B1.13[1] for guidance in exercising their discretion, though the policy is not binding on the Court unless the motion is brought by the BOP. *Id.* (citing *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020)).

---

[1] For reference, the policy statement at U.S.S.G. § 1B1.13 lists the defendant's health, age, and family circumstances as possible extraordinary and compelling reasons warranting compassionate release.

In his motion, Maxfield highlights that he has truly rehabilitated, learned a valuable lesson, and sworn off drugs permanently. If released, Maxfield informs the Court that he plans to give back to his community, become a productive citizen, and mentor youth to avoid using drugs. He also notes that during his incarceration his four children have only one caretaker, their mother, who struggles to make ends meet.

As an initial matter, the Court commends Maxfield's efforts to reform and take steps towards a bright future after prison. The Court wants to see Maxfield reenter society as a productive citizen, however, he has not presented an extraordinary or compelling reason for release at this time. The Seventh Circuit instructs that rehabilitation cannot serve as a stand-alone reason for compassionate release. *United States v. Peoples,* 41 F.4th 837, 841-42 (7th Cir. 2022). Moreover, his children have a primary caretaker while Maxfield is in prison. While the Court certainly sympathizes with the challenges his family faces to make ends meet, this also does not qualify as an extraordinary and compelling reason for Maxfield's release, as this circumstance was a foreseeable consequence of his incarceration and unfortunately impacts many prisoners with children.

Because Maxfield has not established any extraordinary and compelling reason warranting release or a reduction to his sentence, the Court need not address the Section 3553(a) factors. Accordingly, Maxfield's Motion to Reduce his Sentence (Doc. 299) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   May 12, 2023**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**